UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| SALVATORE CAMMARERI,<br><br>               Plaintiff,<br><br>      v.<br><br>BANK OF AMERICA, et al.,<br><br>               Defendants. | Case No.  2:14-cv-01777-JCM-GWF<br><br>ORDER |

   Presently before the court is a motion to dismiss filed by defendants Bank of America, N.A., on its own behalf and as successor by merger to BAC Home Loans Servicing, LP; and Countrywide Home Loans, Inc. (hereinafter "defendants"). (Doc. # 10.) *Pro se* plaintiff Salvatore Cammareri (hereinafter "plaintiff") did not file a response, and the deadline to respond has now passed.  Defendant BSI Financial Services filed a joinder to the motion to dismiss. (Doc. # 13.)

   The instant case arises from defendants' foreclosure on plaintiff's property. (Doc. # 10.) In May 2007, the existing owner, Adrienne Cammareri ("Ms. Cammareri") executed a promissory note secured by a first deed of trust on the property. (Doc. # 10.) In August 2014, Ms. Cammareri quitclaimed the property to plaintiff. (Doc. # 10.) Ms. Cammareri then defaulted on the loan, and defendants instituted foreclosure proceedings. (Doc. # 10.)

   On October 27, 2014, plaintiff filed the instant complaint alleging claims for fraud, breach of the duty of good faith and fair dealing, quiet title, breach of fiduciary duty, permanent injunction, suitability, negligence, liability per se, negligence misrepresentation, unfair lending practices, and intentional infliction of emotional distress. (Doc. # 1.)

   Defendants now argue that plaintiff's complaint should be dismissed with prejudice because (1) plaintiff lacks standing to bring claims based on the note and deed of trust at issue

because he was not a party to those agreements; (2) plaintiff is not entitled to an order quieting title in his favor because he took title to the property subject to the deed of trust and does not dispute that the borrower defaulted on her mortgage loan; and (3) plaintiff's complaint is a meritless form complaint based on erroneous legal theories.  (Doc. # 10.)

Pursuant to District of Nevada Local Rule 7-2(d), "the failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  LR 7-2(d).  However, the court will not automatically grant every unopposed motion.  Instead, the court must weigh the following factors before dismissing the action: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases of their merits; and (5) the availability of less drastic sanctions.  *Ghazali v. Moran*, 46 F.3d 52, 53 (9th Cir. 1995).  In consideration of these factors, the court finds that dismissal is appropriate.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendants' motion to dismiss, (doc. # 10), be, and the same hereby is, GRANTED.  Plaintiff's complaint is hereby DISMISSED.

The clerk shall enter judgment accordingly and close the case

DATED THIS 14th day of January, 2015.

                                        JAMES C. MAHAN
                                        UNITED STATES DISTRICT JUDGE